IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **ARSUS, LLC,**<br><br>   Plaintiff,<br><br> v.<br><br>**TESLA, INC.**<br><br>   Defendant. | 6:22-CV-00276-ADA-DTG |

REPORT AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE ALAN D. ALBRIGHT,
   UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(f) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court is Defendant's Motion to Dismiss Pursuant to Rule 12(b)(6) ("Motion") (ECF No. 11). For the following reasons, the Court **RECOMMENDS** that Defendant's Motion be **DENIED**.

## I. FACTUAL BACKGROUND

Plaintiff Arsus, LLC filed *Arsus, LLC v. Tesla, Inc.*, No. 3:20-cv-03313-RS (N.D. Cal.) ("*Arsus I*") on January 14, 2020, accusing Defendant Tesla, Inc. of infringing United States Patent No. 8,634,989 ("the '989 patent"), titled "Rollover prevention apparatus." Based on the court's constructions in that case, the parties filed a stipulation for dismissal on January 5, 2022. ECF No. 11 at 6-7; ECF No. 13 at 2.

Plaintiff filed the instant lawsuit on March 15, 2022 ("*Arsus II*"), accusing Defendant Tesla, Inc. of infringing United States Patent No. 11,077,877 ("the '877 patent"), titled "Rollover Prevention Apparatus." ECF No. 1 ¶ 6. Defendant filed this Motion to Dismiss Pursuant to Rule 12(b)(6) based on the doctrine of claim preclusion on May 19, 2022. ECF No. 11. On July 13, 2022, the undersigned held a hearing on Defendant's Motion. ECF No. 24.

## II.     LEGAL STANDARDS

### A.     Rule 12(b)(6) Standard

A party may move to dismiss a claim if the complaint has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 663. When considering a Rule 12(b)(6) motion, a court must assume that all well-pled facts are true and view them in the light most favorable to the non-moving party. *See Bowlby v. City of Aberdeen*, 681 F.3d 215, 218 (5th Cir. 2012). However, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft*, 556 U.S. at 678.

### B.     Claim Preclusion

"Under the doctrine of claim preclusion, a judgment on the merits in a prior suit involving the same parties or their privies bars a second suit based on the same cause of action." *SimpleAir, Inc. v. Google LLC*, 884 F.3d 1160, 1165 (Fed. Cir. 2018) (quoting *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326 (1955)) (internal marks omitted). "Unlike the related doctrine of issue preclusion, claim preclusion forecloses successive litigation of the same cause of action whether

or not relitigation of the cause of action involves the same issues as the earlier suit." *SimpleAir*, 884 F.3d at 1165 (citing *New Hampshire v. Maine*, 532 U.S. 742, 748–49 (2001); *see also Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010) ("Claim preclusion bars the litigation of claims that either have been litigated or should have been raised in an earlier suit.")).

Claim preclusion is assessed under the law of the regional circuit in which the district court sits, here the Fifth Circuit. *SimpleAir*, 884 F.3d at 1165. The test for claim preclusion in the Fifth Circuit has four elements: (1) the parties in the later action are identical to, or in privity with, the parties in the earlier action; (2) the judgment in the earlier case was rendered by a court with proper jurisdiction; (3) there has been a final judgment on the merits; and (4) the earlier case and later case involve the same cause of action. *Duffie v. United States*, 600 F.3d 362, 372 (5th Cir. 2010).

"Whether a particular cause of action in a patent case is the same as or different from another cause of action has special application to patent cases," thus Federal Circuit law is applied to that issue. *SimpleAir*, 884 F.3d at 1165 (internal marks omitted). A cause of action is defined based on the transactional facts from which it arises. *Id*. "In a patent suit, essential transactional facts include both the asserted patents and the accused activity." *Id*. "If the overlap between the transactional facts of the suits is substantial, the later action should ordinarily be precluded." *Id*.

Claim preclusion is not foreclosed where the asserted patent in the second case was not before the district court in the first case. *Id*. at 1166. Instead, "where different patents are asserted in a first and second suit, a judgment in the first suit will trigger claim preclusion [] if the scope of the asserted patent claims in the two suits is essentially the same." *Id*. at 1167. Thus, "the claim preclusion analysis requires comparing the patents' claims along with other relevant transactional facts." *Id*. at 1168.

### III.    DISCUSSION

Defendant argued that "[t]he doctrine of claim preclusion forecloses Arsus's current lawsuit (i.e., *Arsus II*)" because "[t]his case involves the same parties and the same cause of action as *Arsus I* that resulted in a final judgment on the merits." ECF No. 11 at 13. Defendant contended that *Arsus I* and *Arsus II* involve the same cause of action because the overlap of transactional facts between the two cases is substantial, including that "the scope of the claims of the '989 patent (asserted in *Arsus I*) and the '877 patent (asserted in *Arsus II*) is essentially the same." *Id*. at 14-19.

Plaintiff argued that *Arsus I* and *Arsus II* do not involve the same cause of action. ECF No. 13 at 1-4. Plaintiff contended that "[u]nlike the NDCA asserted claims, from the '989 patent, the asserted claims in Arsus II, claims 1 to 21 of the '877 patent, the WDTX asserted claims, are **not means-plus-function claims**, in part because each of them does call for **sufficient apparatus structure** to avoid interpretation as means-plus-function-claims." *Id*. at 2 (emphasis in original).

As set forth by the Federal Circuit, where different patents are asserted in a first and second suit, "the claim preclusion analysis requires comparing the patents' claims." *SimpleAir*, 884 F.3d at 1168. To ascertain whether the claim of the present patent contains sufficient structure so as to evade a means-plus-function analysis, the Court finds that claim construction is necessary to determine the scope of the claims asserted in this case (*i.e.*, *Arsus* II). Furthermore, the Court would need to construe the claims in this case before it could even compare their scope against that of the claims asserted in *Arsus I*.  As such, the Court finds that Defendant's Motion is premature and inappropriate for a motion on the pleadings.  Defendant is welcome to file an appropriate motion after claim construction or fact discovery has been completed.

Accordingly, the Court recommends that Defendant's Motion (ECF No. 11) be denied.

### IV.    RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that Defendant's Motion (ECF No. 11) be **DENIED**.

## V. OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1415.

SIGNED this 12th day of October, 2022.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE