IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| ARSUS, LLC,<br><br>      Plaintiff,<br><br>  v.<br><br>TESLA, INC.<br><br>      Defendant. | Civil Action No. 6:22-CV-00276-ADA<br><br>**JURY TRIAL DEMANDED** |

### [TESLA PROPOSED] DISCOVERY ORDER

Defendant Tesla, Inc. ("Tesla") raised the following discovery dispute with the Court via the Joint Case Readiness Status Report filed on October 7, 2022 by Plaintiff Arsus, LLC ("Arsus") and Tesla.

Defendant alleged that Plaintiff's preliminary infringement contentions do not satisfy the requirements set forth in this Court's Order Governing Proceedings. Plaintiff provided a document that broadly alleges Defendant's product meets all claim limitations, but does not include a "chart setting forth where in the accused product(s) each element of the asserted claim(s) are found." Plaintiff refers to Defendant's product literature, but does not match any claim limitation to any allegedly infringing feature. Defendant requested an order that Plaintiff supplement its infringement contentions to provide an "infringement contentions chart setting forth where in the accused product(s) each element of the asserted claim(s) are found," in accordance with the Standing Order Governing Proceedings (OGP) 4.2—Patent Cases.

Plaintiff responded that its infringement contentions are sufficient to meet the requirements set forth by this Court's Order. Plaintiff contends that its contentions state that Tesla vehicles with the Auto pilot system literally infringe the asserted claims. Plaintiff also sets forth the basis for its contentions, which is that Tesla's Autopilot system allows a Tesla vehicle

1

to steer within a non-rollover steering range of motion and yet prevents steering beyond a threshold of vehicle rollover because otherwise activating Autopilot would routinely result in rollover. Plaintiff expects that, in discovery, Plaintiff will discover additional, incontrovertible evidence of literal infringement, and therefore requested that Defendant's request be denied.

On October 12, 2022, the Court held a hearing by video conference to resolve the parties' discovery dispute related to Plaintiff's infringement contentions. Having considered the parties' submissions and oral arguments, the Court GRANTS Defendant's Requested Relief and ORDERS the following:

1. Plaintiff shall supplement its infringement contentions by October 26, 2022 to provide an infringement contentions chart(s) setting forth where in the accused product(s) each element of the asserted claim(s) are found, in accordance with the Standing Order Governing Proceedings (OGP) 4.2—Patent Cases. The chart(s) must be in the form of a two-column table, where the first column must list the claim language—claim limitation by claim limitation—as it appears in the patent, and the second column must specify Plaintiff's infringement theory and supporting evidence for each claim limitation.

2. Plaintiff shall also produce a copy of the file history for the asserted patent in accordance with the Standing Order Governing Proceedings (OGP) 4.2—Patent Cases.

ORDERED this 19th day of October, 2022.

DEREK T. GILLILAND  
UNITED STATES MAGISTRATE JUDGE