IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **ARSUS, LLC,**<br><br>    Plaintiff,<br><br>    v.<br><br>**TESLA, INC.**<br><br>    Defendant. | Case No. 6:22-CV-00276-ADA-DTG<br><br>**JURY TRIAL DEMANDED** |

**DEFENDANT TESLA, INC.'S REPLY
IN SUPPORT OF ITS MOTION TO TRANSFER TO THE
NORTHERN DISTRICT OF CALIFORNIA UNDER 28 U.S.C. § 1404**

Arsus fails to identify a single connection between this District and the claims at issue in this case. Nor does Arsus rebut the significant ties between NDCA and the relevant sources of evidence. Nearly all of Tesla's relevant evidence concerning the design, research, engineering, marketing, or licensing of the accused features is found in NDCA; there is no such evidence in WDTX. Arsus relies heavily on Tesla's Austin presence, but a general presence in this district (if not related to the specifically accused features) is not relevant to this inquiry. Arsus also identifies no connections of its own with WDTX, nor does it identify any relevant documents, third parties, or other sources of proof in WDTX. Thus, except for litigation, this case has no connection to WDTX. And even if familiarity with the patents or this litigation was enough, NDCA has more such experience, as that district already construed a related patent.

These facts strongly support transfer.

## I. ARGUMENT

### A. The Private Interest Factors Favor Transfer

#### 1. The Most Important Factor—Convenience of Witnesses—Strongly Favors Transfer

Tesla identified 23 knowledgeable witnesses who reside in NDCA and would be inconvenienced by travelling to this court, and zero such witnesses in WDTX. Arsus did not identify any witnesses who would be inconvenienced by transfer to NDCA, nor did it identify any specific witnesses in WDTX.

Instead of identifying the location of any specific witnesses, Arsus first criticizes Tesla's declarations as "hearsay." Far from hearsay, the declarations detail the personal knowledge of two Tesla managers who oversee the accused systems and the engineers who work on them. (■■■ Decl. ¶¶ 4–16; ■■■■■■■ Decl. ¶¶ 4–26.) The declarants do not speculate how their team members might testify (Resp. at 3), but rather identify from personal knowledge each job

role and the relevant knowledge each team member accordingly possesses. Arsus had the opportunity to cross-examine these witnesses via deposition, but did not.

Arsus then criticizes the witnesses Tesla identified as lacking relevant knowledge because they are not professing to offer opinions as to the ultimate issues of noninfringement, invalidity or damages. (Resp. at 3.) But that is not the focus of this inquiry, which concerns the location of fact witnesses. The location of experts that will testify to the ultimate issues is not relevant.

Arsus then speculates that it "expects to find, and call to testify, top Tesla executives knowledgeable about sales and profits information." (Resp. at 5.) Arsus has no evidence that any such person exists—presumably it relies on Tesla's presence in this District. However, such speculation based on Tesla's presence is not enough. *Gesture Tech. Partners, LLC v. Apple Inc.*, No. 6:21-CV-00121-ADA, 2022 WL 3592451, at *3 (W.D. Tex. Aug. 22, 2022) ("The size of Apple's Austin campus, job openings, and 'chip' development are not factors which, by themselves, demonstrate that potentially relevant employee witnesses, or physical documents for that matter, are located in the WDTX. At best these statements yield speculation as to whether relevant documents are located here."). Indeed, this Court has transferred cases where the parties have a sizeable presence in this District if that presence is not relevant to the specific features at issue in the case. *XR Commc'ns, LLC v. HP Inc.*, No. 6:21-CV-694-ADA, 2022 WL 3448746, at *7 (W.D. Tex. Aug. 17, 2022) (transferring case related to wireless communications even though defendant had an office with 151 employees in the district because there is no evidence that those employees were relevant to the accused wireless features).

Thus, this factor weighs heavily in favor of transfer.

2. <u>Availability of Compulsory Process Favors Transfer</u>

Arsus does not contend that this Court's compulsory process is necessary to secure the testimony of any single witness. In contrast, Tesla has submitted evidence that engineering of the accused systems occurred at its Palo Alto office, and thus former employees are likely to still reside in the Northern District of California. (■ Decl. ¶¶ 4, 15; ■ Decl. ¶¶ 4-5, 26.) "Because there are potential third-party witnesses subject to the subpoena powers of the Northern District of California but not the Western District of Texas, [] the compulsory process factor weighs strongly in favor of transfer." *In re Apple Inc.*, No. 2021-181, 2021 WL 5291804, at *3 (Fed. Cir. Nov. 15, 2021).

3. <u>Relative Ease of Access to the Evidence Favors Transfer</u>

Arsus does not dispute that relevant documentary evidence and witnesses are in NDCA—it only discounts the need for that information. But even if Arsus chooses to not conduct discovery into the design and operation of the accused systems (Resp. at 4), the location of the underlying evidence must still be considered as part of the transfer analysis—including the location of electronic documents. *In re Google LLC*, No. 2021-171, 2021 WL 4592280, at *7 (Fed. Cir. Oct. 6, 2021) ("[T]hat documents can often be accessed remotely does not render the sources-of-proof factor irrelevant.").

The only counter evidence Arsus cites to suggest that Tesla's document servers are in this District is a purported job posting for a data center engineer. The link Arsus provides is not active. Regardless, even if there was a data center engineer position in WDTX, it is not evidence that documents specific to the accused features are located in WDTX. In that regard, the unchallenged testimony of two knowledgeable Tesla engineers states that the servers relevant to the accused systems "are physically located in Tesla's Palo Alto office." (■ Decl. ¶ 17; ■ Decl. ¶ 27.) This factor weighs in favor of transfer.

3

4. Other Practical Problems for an Easy, Expeditious, and Inexpensive Case Favor Transfer[1]

Arsus takes the extreme position that the NDCA's year of experience with a predecessor patent is "irrelevant." (Resp. at 5.) This is untenable given that previously-asserted and terminally-disclaimed U.S. Patent No. 8,634,989 shares the same title, the same inventor, the same figures and substantially similar specification, and the same priority claim as the currently-asserted '877 Patent, and that the NDCA court and the parties expended significant resources in that case. There was motion practice in that case, as Tesla filed two motions to dismiss Arsus's complaint (one was granted, one was denied) and Arsus filed a motion to compel discovery from Arsus. The NDCA court held multiple hearings, including a case management hearing and a lengthy Markman hearing. And the parties exchanged significant discovery, including infringement, invalidity and damages contentions, claim construction disclosures and briefing. The NDCA court also issued a Markman order which resulted in the resolution of the matter. Arsus discounts the materiality of these events, but cannot dispute that the NDCA court expended resources in the prior case involving a related patent with very similar claim language.

**B.  The Public Interest Factors Favor Transfer**

1. Local Interest Favors Transfer

Arsus does not deny that it has no connection to this District, and thus the local interests turn on those applicable to Tesla. It is well known that Tesla recently relocated its headquarters to Austin, but this does not mean that California suddenly lacks an interest in the litigation. Tesla continues to have a very large presence in NDCA—home to more than ▮▮▮ engineers—

---

[1] To the extent the location of counsel is relevant to the transfer inquiry, Arsus's assertions in this regard are incorrect. Defendant's counsel has an office in the Bay Area less than 30 miles from the NDCA Courthouse and counsel of record (Mr. Jared Smith) who resides in California. In contrast, this Court is approximately 100 miles from counsel's nearest office.

and much larger than Tesla's presence in Austin. Mot. at 3 (citing ▇ Decl.). According to the only case that Arsus cited in its Response, "[t]o determine which district has the stronger local interest, the Court looks to where the events forming the basis for infringement occurred." *Open Text Corp. v. Alfresco Software, Ltd.*, No. 6:20-CV-00928-ADA, 2021 WL 5316410, at \*7 (W.D. Tex. Oct. 21, 2021) (citing *In re Juniper Networks, Inc.*, No. 2021-160, slip op. at 9–10 (Fed. Cir. Sept. 27, 2021)). "The most relevant considerations are therefore where the design, development, and sale of the accused products occurred." *Id.*

Tesla has submitted evidence that the accused systems were designed and developed in its Palo Alto office, which still houses the responsible engineering teams. (▇ Decl. ¶ 15; ▇ Decl. ¶ 26.) Arsus does not dispute this. In view of this, as well as the attendant reputational interests of those employees, the Northern District has a stronger local interest. This factor weighs in favor of transfer.

### 2. The Remaining Public Interest Factors are Neutral

Time to trial is a neutral consideration between the Northern District of California and this District. (Mot. at 14 (citing *In re Hulu, LLC*, No. 2021-142, 2021 WL 3278194, at \*5 (Fed. Cir. Aug. 2, 2021)).) Arsus's argument to the contrary is unavailing, particularly because Arsus has delayed litigating this case for no apparent reason. Even though Tesla filed a motion to dismiss in May 2022 (Dkt. No. 11), Arsus did not file the Case Readiness Report until October 2022. (Dkt. No. 27.) Arsus also fails to address why time is of the essence given it is not a competitor and is only seeking monetary relief. *See In re WMS Gaming Inc.*, 564 F. App'x 579, 581 (Fed. Cir. 2014). This factor is neutral.

## II. CONCLUSION

The Court should transfer this case to the Northern District of California because it is clearly a more convenient forum. 28 U.S.C. § 1404(a).

5

Dated: December 1, 2022                    Respectfully submitted,

FISH & RICHARDSON P.C.

*/s/ Aamir A. Kazi*
Aamir A. Kazi (*admitted pro hac vice*)
kazi@fr.com
1180 Peachtree Street, 21st Floor
Atlanta, GA 30309
Tel: (404) 892-5005 / Fax: (404) 892-5002

Daniel R. Gopenko
gopenko@fr.com
1000 Maine Ave SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070 / Fax: (202) 783-2331

David M. Hoffman
Texas Bar No. 24046084
hoffman@fr.com
111 Congress Avenue, Suite 810
Austin, TX 78701
Tel: (512) 472-5070 / Fax: (512) 320-8935

Jared A. Smith (*admitted pro hac vice*)
jasmith@fr.com
12860 El Camino Real, Suite 400
San Diego, CA 92130
Tel: (858) 678-5070 / Fax: (858) 678-5099

*Counsel for Defendant, Tesla, Inc.*

# CERTIFICATE OF SERVICE

I certify that on December 1, 2022, I electronically filed the foregoing with the Clerk of the Court using CM/ECF system which will send notification of such filing to all counsel of record.

*/s/ Aamir A. Kazi*
Aamir A. Kazi
